Johnson, J.
delivered the opinion of the Court.
In the first of these cases, a verdict has been found for the defendants, and the plaintiff now moves for a new trial on the ground, that one M'Cormick was improperly admitted as a witness. The defendants had received a sum of money for the plaintiff, and had paid it over to M‘Cormiek; and they called him at the trial, to prove that he was authorized by the plaintiff to receive it. His competency was objected to, but the objection was overruled by the presiding Judge.
The admissibility of an agent as a witness, to prove the fact of his agency, proceeds upon the principle that he stands indifferent between the parties. If he has received money in the character of an agent, and has, not paid it over, he is liable to his principal ; if he received it without authority, he is answerable to him from whom he received it: so that he is equally responsible, whether he was, or was not, the agent, and to the same extent to either of the parties. Special confidential agents must also *202 be admitted ex necessitate, as has been repeatedly ruled in our Courts. Covington v. Bussey, 4 M‘C. 412. See also Snee v. Prescott, 1 Atk. 248. Mathews v. Haydon; 2 Esp. Ca. 509. Ilderton v. Atkinson, 7 T. R. 480.
. ,. , , , I am aware that there are some cases m the books opposed to this rule. The arguments, on which they are founded, rest on the supposition, that it opens a door to fraudulent combinations between a dishonest debtor and an unprincipled agent, to cheat the creditor: but it will be recollected that the evidence of the fact involves perjury, against which no law can provide, and no prudence protect us. The same motives to combination exist to prove a direct payment to the creditor, and it may be practised with equal facility. It does not therefore operate upon the rule, but the objection goes to the credibility of the witness.
Whether the circumstances were, or were not, sufficient to discredit the witness, which is also made a ground of appeal, was a question for the jury, and their finding is conclusive.
The second of these suits was also an action for money had and received to the plaintiff’s use. The plaintiff had constituted the defendants his agents to receive a certain sum of money due to him by judgment from one Currie of Camden. They had received it, and the plaintiff drew an order on them in favour of one Thompson. The plaintiff was present when Thompson demanded the money, and assented to Thompson’s receiving it. But the defendants refused to pay, unless the plaintiff would release the action above decided, which was then pending. The jury allowed interest on the amount from the time of that demand, and this is set down as the ground of a motion for a new trial on the part of the defendants.
Upon the principles laid down in the case of Goddard v. Bulow, 1 N. & M. 45, and which have been observed ever since, the plaintiff was clearly intitled to the interest allowed by the verdict. It is said for the defendants, that they stood in the character of stake holders, and that, as this is a sort of equitable action, the Court has a discretionary power over the matter of interest. There was no one claiming, or pretending to claim, tire right to receive the money but Thompson. There was then no pretence for retaining it, and the ground upon which they put their refusal, shows that they did not claim to hold it as stake holders. It is perhaps fortunate for them that the Court have no dis- *203 eretion in tbe matter: damages for re-exchange, as well as interest, if admissible, would not, according to my view of the case, have been more than the defendants, under the circumstances, well deserved to pay.
The motions in both cases are refused.